IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVING SHEPPARD,

        Petitioner,        No. CIV S-08-2066 JAM GGH P

   vs.

D.K. SISTO,

        Respondent.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss filed November 5, 2008, on grounds that this action is moot and, in the alternative, barred by the statute of limitations. After carefully reviewing the record, the court finds that the petition is moot.

        Petitioner challenges the 2001 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. On October 27, 2002, petitioner filed a habeas corpus petition in the Santa Clara County Superior Court challenging the BPH's 2001 decision. Motion to Dismiss, Exhibit 1. On August 3, 2003, the Superior Court granted the petition. Id., Exhibit 2. As relief, the Superior Court ordered the BPH to set a date for petitioner's immediate release on parole. Id.

Respondent appealed the Superior Court's decision. On April 29, 2004, the California Court of Appeal found that the record contained "some evidence" to support the BPH's finding that petitioner would "pose an unreasonable risk of danger if released from prison." Id., Exhibit 4. The state appellate court found that one of the BPH's stated bases for finding unsuitability was improper and that it was unclear whether some of the other grounds for unsuitability arising from the commitment offense were properly evaluated. Id. Therefore, the California Court of Appeal reversed the Superior Court's order directing petitioner's immediate release and remanded the matter to the BPH for reconsideration of whether petitioner was suitable for parole. Id.

On July 1, 2004, the Superior Court issued an order, in accordance with the order by the California Court of Appeal, reversing the BPH's 2001 decision. Id., Exhibit 5. The Superior Court directed the BPH to conduct a new suitability hearing, as ordered by the state appellate court. Id.

On August 11, 2004, the BPH held another hearing and again found petitioner unsuitable for parole. Id. Exhibit 6.

Petitioner filed a petition for writ of habeas corpus petition in Superior Court challenging the 2004 BPH decision. See opinion of California Court of Appeal attached to opposition. The Superior Court granted this petition and ordered his the BPH to hold another hearing. Id. Respondents appealed this order and that the California Court of Appeal found that the 2004 decision complied with due process. Id. Petitioner claims that he then filed a petition for writ of habeas corpus in the California Supreme Court which was denied.

The mootness doctrine is based on the requirement in Article III, § 2, of the Constitution, that there exist a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

In the instant case, petitioner is challenging a decision by the BPH which is no longer legally valid. The July 1, 2004, order by the Superior Court reversing the 2001 decision still stands. This court has no authority to consider the validity of a BPH decision that has been reversed.

In a habeas petition challenging a civil commitment under California's Sexually Violent Predators Act (SVPA), the Ninth Circuit found that a petition was not moot simply because the petitioner had received a subsequent hearing under the act because it fit within the capable-of-repetition-yet-evading-review exception to the doctrine. Hubbart v. Knapp, 379 F.3d 773, 778-779 (9th Cir. 2004). The instant case is distinguishable from Hubbart because there, the petitioner challenged an order under the SVPA that, although superseded by a subsequent SVPA hearing, was still legally valid, i.e. had not been reversed.

Accordingly, the court orders that respondent's motion to dismiss is granted on grounds that the petition is moot. For this reason, the court need not address the argument that the claims are barred by the statute of limitations. Petitioner is granted thirty days from the date of this order to file a supplemental petition challenging the 2004 decision of the BPH finding him unsuitable.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (no. 16) is granted on grounds that the claims are moot.

/////
/////
/////
/////
/////
/////
/////

1    2. Petitioner is granted thirty days from the date of this order to file a
2 supplemental petition challenging the 2004 decision by the BPH; respondent's response to the
3 supplemental petition is due thirty days thereafter; petitioner's reply to the response is due thirty
4 days thereafter; if petitioner does not file a supplemental petition within that time, the court will
5 recommend dismissal of this action.
6 DATED: January 12, 2009
7
8               /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE
9
10
11 shep2066.ord